### ROBINSON et v CHESAPEAKE & OHIO R R CO

Ohio Appeals, 1st Dist, Butler Co
Decided November 17, 1930

P. P. Boli, Hamilton, for Robinson et.
Galvin & Tracy, Cincinnati, and Andrews Andrews & Rogers, Cincinnati, for R. R. Co.

HAMILTON, J.

The plat submitted in evidence shows the railroad tracks run diagonally to the section line mentioned in the deed. The starting point for the description is near a half way mark between the railroad and the eastern right of way in question, in the section line. The description from the starting point is: "thence along said north line of said section 36 to a point 100 ft. distant from the center line of the Chicago, Cincinnati & Louisville Railroad Company as now located."

The contention of the plaintiff is that this measurement of 100 feet must be on the section line which section line is diagonal to the railroad. If it is intended to measure the 100 feet on this section line,

then the line fence in question would be about 10 feet on the premises of the plaintiffs.

The contention of the defendant is that the measurement should be from the center of the railroad, at right angles thereto, one hundred feet. If this were the intention, then the railroad company's fence is on its east line and not on plaintiffs' land.

It must be emphasized that the deed fails to give any courses. It only gives the distance to a point from the center of the railroad. It does not in terms fix the point in the center line.

The railroad company's right of way on the east side as appears from the evidence is 100 feet wide from the center of the railroad over other properties than plaintiffs.' From this we draw an inference that the railroad would want a uniform width of 100 foot right of way.

The grantors executed and delivered the deed, omitting to name courses, but fixed the point at 100 feet from the center of the railroad. We think it proper to infer that the parties meant 100 feet at right angles from the center of the railroad. Since this construction of the deed and inferences drawn from the evidence leads us to the conclusion that the 100 feet is to be measured from the center of the railroad track at right angles, it follows that the fence in question is along the east line of the railroad's right of way, and is not upon the lands of the plaintiffs'.

The injunction will be refused, and the petition dismissed.

CUSHING, PJ, and ROSS, J, concur.